■ KATHERINE KILCULLEN, Appellant, v RADOVAN BUBANJ, Respondent.—Order, Supreme Court, New York County (Ostrau, J.), filed June 10, 1985, which granted defendant's motion to dismiss the complaint for divorce on the ground that an action for the same relief is pending in Pennsylvania, denied plaintiff's cross motion for injunction of the Pennsylvania action, denied plaintiff's application for pendente lite relief and defendant's cross motion for, *inter alia,* visitation, with leave to renew said motions in the Pennsylvania action, modified, on the law, on the facts and in the exercise of discretion, without costs, as follows: (1) the motions for ancillary relief are remanded to Special Term for determination; (2) plaintiff's cross motion is granted to the extent of enjoining prosecution of the child custody dispute in the Pennsylvania action pursuant to the Uniform Child Custody Jurisdiction Act and this phase of the litigation is remanded to Special Term for determination, and (3) disposition of the appeal from that portion of the order which granted defendant's motion to dismiss the complaint is held in abeyance for 90 days to enable plaintiff, if so advised, to make a motion to dismiss in the Pennsylvania action. Counsel for plaintiff shall notify the court whether or not plaintiff has made or intends to make such a motion and thereafter shall inform this court on a monthly basis concerning the status of the motion.

In December 1983, defendant left the parties' marital abode in New York, and relocated in Philadelphia, Pennsylvania, where he had accepted new employment. A daughter was born to plaintiff and defendant the following month. In December 1984, the defendant commenced an action for divorce and joint custody of their infant daughter in Pennsylvania by service of a summons and complaint by certified mail, return receipt requested. (Pa Civil Rules of Civil Procedure § 1920.4.) Plaintiff made no voluntary appearance in the Pennsylvania action, and commenced an action for divorce in New York State Supreme Court two months later.

Defendant moved to dismiss the complaint based upon the pendency of his prior proceeding pursuant to CPLR 3211 (a) (4). Plaintiff cross-moved to enjoin prosecution of the Pennsylvania action, asserting that the last marital home was in New York and that her contacts with Pennsylvania were an insufficient basis for in personam jurisdiction under *Kulko v California Superior Ct.* (436 US 84) and *International Shoe Co. v Washington* (326 US 310). By order to show cause, plaintiff requested child support and maintenance pendente lite, an order restraining the disposition or encumbrance of marital assets and attorneys' fees. Defendant cross-moved for visitation rights and permission to sell the former marital abode in Charleston, South Carolina.

After consolidating these motions, Special Term granted defendant's motion to dismiss and denied plaintiff's cross motion for an injunction, finding she had not established substantial prejudice in defending the Pennsylvania action. The court further denied the motions for ancillary relief without prejudice to renewal in the Pennsylvania litigation.

While the issue is a close one, in our opinion Special Term erred in failing to bifurcate this action at its inception and in denying plaintiff an injunction restraining prosecution of the child custody dispute in Pennsylvania. Under the Uniform Child Custody Jurisdiction Act (UCCJA) (Domestic Relations Law art 5-A) where, as here, child custody is sought as ancillary relief and there is a simultaneous divorce proceeding pending in the court of another State, a court must initially determine whether the child custody phase of the litigation should proceed in a foreign court. This inquiry is necessary "[t]o assure that the best interests of the child * * * are not subordinated to the parents' interest in obtaining the best terms of the divorce". *(Vanneck v Vanneck,* 49 NY2d 602, 608.) Given the absence of a jurisdictional predicate, in our view it was unnecessary for Special Term to suspend the action for purposes of communication with the Court of Common Pleas, Philadelphia County. *(Id.,* at p 610.)

A request for child custody is inherent in plaintiff's second cause of action for, *inter alia,* child support. As the child's home State (she has never lived elsewhere), New York clearly has the only predicate for the exercise of jurisdiction over the custody dispute. (Domestic Relations Law § 75-d [1] [a]; § 75-c [5].) By cross-moving for visitation rights, defendant has acknowledged this court's jurisdiction. Pennsylvania's retention of jurisdiction would not be in substantial conformity with the UCCJA, since a jurisdictional predicate is lacking. (Domestic

Relations Law § 75-d [1] [b].) Such retention would not serve the child's best interests since she has no connection with Pennsylvania. She has never visited Pennsylvania. Further, Pennsylvania lacks optimum access to relevant evidence concerning her present or future care, protection, training, and personal relationships. We remand the motions for ancillary relief to Special Term for further proceedings since the issues involved are inextricable from the determination of child custody.

Plaintiff, if she is so advised, should make any motion based upon alleged lack of in personam jurisdiction in the Pennsylvania court, forthwith. This court lacks authority to affect the jurisdiction of a court of a sister State. Disposition of the appeal from that portion of the order which granted defendant's motion to dismiss will be held in abeyance for 90 days pending plaintiff's application. Concur—Kupferman, J. P., Asch, Fein, Milonas and Rosenberger, JJ.